UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| LISA POSTHUMUS LYONS, | 1:22-mc-00107-PLG |
| Plaintiff, | Honorable Philip J. Green |
| v | |
| MY PILLOW, INC. | *U.S. Dominion, Inc. et al. v. MyPillow, Inc. et al.* |
| Defendant. | Civil Action No. 1:21-cv-00445 |
| | United States District Court for the District Court of Columbia |

_____/

# PLAINTIFF'S BILL OF COSTS AND
# STATEMENT OF ATTORNEYS' FEES

On November 29, 2022, this Court issued its Order Granting Plaintiff's Motion to Quash

Subpoena and for Sanctions.  (Dkt.16.)   In its Order, the Court ordered that Defendants must pay

the reasonable expenses incurred by the Plaintiff in seeking the motion.  The Court thus ordered

Plaintiff to file a bill of costs and statement of attorneys' fees.

Consistent with the Court's order, Plaintiff submits the following fees and costs

associated with Plaintiff's motion to quash:

| | |
|---|---|
| Review subpoena, strategy regarding same, and attempted negotiations with Defendants | 3,477.50 |
| Research for motion to quash, draft motion and brief in support of motion to quash, prepare subpoena, and conferences regarding same | 11,137.00 |
| Review response to motion, prepare reply brief | 5,917.50 |
| Prepare for and attend hearing on motion to quash | 3,465.00 |
| Filing Fee | 49.00 |
| **TOTAL:** | **$24,046.00** |

## DECLARATION OF MADELAINE C. LANE REGARDING ATTORNEYS' FEES AND COSTS

I, Madelaine C. Lane, declare upon penalty of perjury, that the following is try and correct to the best of my knowledge and belief:

1.      I am an attorney licensed to practice law in the State of Michigan and the United States District Court for the Western District of Michigan.  I am a partner at Warner Norcross + Judd LLP ("WNJ") where I have worked since my admission to the Michigan Bar in 2007.

2.      WNJ represented Petitioner Kent County Clerk Lisa Posthumus Lyons ("Clerk Lyons") in this matter.

3.      My professional biography is attached as **Exhibit A**, which is a document created and maintained by WNJ in the ordinary course of business that accurately sets forth additional facts regarding my education, professional qualifications, and experience.  Among other things, Exhibit A sets forth that I graduated magna cum laude from Wayne State University Law School in 2007.  I have been a partner at WNJ since 2016 and have served as WNJ's associate general counsel since 2019.  I have been recognized annually by Michigan Super Lawyers as a Rising Star since 2011.  I have received distinguished awards such as Grand Rapids Magazine's Top Lawyer in White Collar Criminal Defense (2021, 2022) and Michigan Lawyers Weekly's Up & Coming Lawyers Class of 2016.   I was a member of the Criminal Justice Act Panel of the Western District of Michigan for nine years.  I previously served on the Executive Committee for the Federal Bar Association for the Western District of Michigan and I have been a faculty member for the Hillman Advocacy Program.

4.      I was lead counsel on this matter and was assisted primarily by WNJ attorneys Matthew T. Nelson and Tessa G. Mallett. Mr. Nelson's professional biography is attached as **Exhibit B**.  Mr. Nelson has represented Kent County and its Clerk since 2010, and is the partner

responsible for the firm's attorney-client relationship with the County.  Ms. Mallett's professional biography is attached as **Exhibit C**.   All of the tasks we performed related to this matter are included in table above.  Clerk Lyon's total fees incurred in this matter were $24,046.00.  This includes the $49.00 filing fee. It does not include any fees after November 29, 2022.

5.      My ordinary billing rate for calendar year 2022 is $500 per hour.  Mr. Nelson's ordinary billing rate for the same period is $575 per hour and Ms. Mallett's hourly rate is $275. All of these rates were established based on market data derived from reports regarding comparably sized firms in Michigan and the Midwest outside of the Chicago and Cleveland markets, and fall near the median for attorneys of comparable experience.

6.      On September 6, 2022, Defendants Michael Lindell and My Pillow (collectively "Lindell") issued a subpoena to Clerk Lyons seeking records regarding the 2020 election.  As this Court noted at the November 29 hearing, "the breadth of the subpoena could not be greater".

7.      Clerk Lyons reached out to Lindell twice seeking to discuss the subpoena and to reduce the burden this subpoena would have on Clerk Lyons and the taxpayers of Kent County. (Br. in Supp. of Pet. to Quash, ECF 1 at Exs. H & I, PageID. 150-153.)  Lindell replied on September 21, counsel promised not to enforce the subpoena by the purported return date, they did not respond to any of the requests identified by Clerk Lyons, did not withdraw the subpoena, and did not engage in the meet-and-confer process. (*Id.*, ECF 1 at Ex. J, PageID. 154-155.)

8.      The attorney fees and costs listed above are reasonable, necessary and were actually incurred in reviewing the subpoena, unsuccessfully attempting to negotiate with Lindell's counsel, preparing the motion to quash and reply, revieing Lindell's response, and preparing for an appearing at the oral argument on November 29.

9.      On November 29, 2022, this Court entered an order quashing the September 6 subpoena and ordering Lindell to pay sanctions in the form of Clerk Lyons' attorney's fees and costs incurred in bringing and pursuing this motion to quash.  (11/29/22 Order, ECF 16, PageID. 545-546.)

10.      Events later that day underlined how this proceeding differs from the mine run of actions to quash subpoenas. After the hearing, Lindell appeared on his eponymous online show, *The Lindell Report*, and discussed this Court's Order.  Lindell repeated his theories, accused this Court of participating in a "cover-up", and threatened to personally sue undersigned counsel. During the show, Lindell strongly suggested that he would refuse to pay the sanctions imposed by this Court.  (*See* **The Lindell Report: November 29, 2022,** available at https://www.dailymotion.com/video/x8fy9sr (approximately minute 12:00 to minute 35:00).)

This is a true and accurate statement of the reasonable costs incurred in seeking Plaintiff's motion to quash subpoena.

Dated:  December 13, 2022

*/s/  Madelaine Lane*
Matthew T. Nelson (P64768)
Madelaine Lane (P71294)
Tessa G. Mallett (P85617)
WARNER NORCROSS + JUDD LLP
150 Ottawa Avenue NW, Suite 1500
Grand Rapids, MI 49503
616.752.2000
mlane@wnj.com

Attorneys for Kent County Clerk

054096.205202 #27661115-3

4